FISHER & PHILLIPS LLP
SCOTT M. MAHONEY, ESQ.
Nevada Bar No. 1099
300 S. Fourth Street
Suite 1500
Las Vegas, NV 89101
Telephone: (702) 252-3131
E-Mail Address: smahoney@fisherphillips.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EDTIVIA BRINSTON, on behalf of herself and all others similarly situated, | Case No.: |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION** |
| vs. | |
| ENTERPRISE LEASING COMPANY-WEST, LLC; DOES 1 through 50; inclusive, | |
| Defendant(s). | |

TO: UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA

PLEASE TAKE NOTICE that Defendant, Enterprise Leasing Company – West, LLC, hereby files this Notice of Removal of Action of this cause from the Eighth Judicial District Court of the State of Nevada, Case No. A-24-886905-C (the "State Action"), in which it is now pending, to the United States District Court for the District of Nevada, and respectively state as follows:

1.      The jurisdiction of this court is invoked under 28 U.S.C. § 1332.

2.      On February 12, 2024, Plaintiff filed her Class Action Complaint (the "Complaint") in the State Action, which Complaint was served on February 16, 2024.

All available process, pleadings and orders served on Defendant in connection with the State Action are attached.

3. The grounds for removal are as follows: As alleged in Paragraph 6 of the Complaint, Plaintiff is a resident of Nevada. As alleged in Paragraph 7 of the Complaint, Defendant is a foreign limited liability company (specifically, Delaware). Defendant's principal place of business is in Missouri, and all members are citizens of Missouri. Diversity of citizenship exists.

Regarding the amount in controversy, when "it is unclear or ambiguous from the fact of the state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."[1] Defendant can meet this burden.

This is a purported class action consisting of "All hourly paid non-exempt employees employed . . . in the state (sic) of Nevada who earned less than 1 ½ times the applicable minimum wage and who worked over eight (8) hours in a workday . . ."[2] Defendant estimates there to presently be 468 non-exempt employees who make less than 1 ½ times the minimum wage. The First Cause of Action seeks alleged unpaid daily overtime for these employees. Further, Paragraph 38 of the Complaint seeks for each class member "thirty (30) days of pay as waiting wages" under NRS 608.040. The Complaint also seeks attorney's fees pursuant to NRS 608.140.[3] The alleged unpaid wages, "waiting wages" and attorney's fees sought establish that this case

---

[1] *Fritsch v. Swift Transportation Company of Arizona, LLC,* 899 F.3d 785, 793 (9th Cir. 2018) (citation omitted).
[2] See, Complaint ¶ 21.
[3] The amount in controversy includes "attorney's fees awarded under fee-shifting statutes." *Fritsch,* 899 F.3d at 793.

involves an amount in controversy, exclusive of interest and costs, in excess of $75,000.

4. This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED this 14th day of March 2024.

<div style="text-align:center">FISHER & PHILLIPS, LLP</div>

By: /s/ Scott M. Mahoney, Esq.
300 South Fourth Street
Suite 1500
Las Vegas, Nevada 89101
Attorneys for Defendant

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 14th day of March 2024, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing Notice of Removal of Action with the United States District Court, and a copy was electronically transmitted from the Court to the e-mail address on file for:

Christian Gabroy
christian@gabroy.com
Kaine Messer
kmesser@gabroy.com

By: /s/ Sarah Griffin
An employee of Fisher & Phillips LLP

FP 49944046.1

- 3 -

Electronically Filed
2/12/2024 7:50 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
Christian Gabroy
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
GABROY | MESSER
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Tel:  (702) 259-7777
Fax:  (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

CASE NO: A-24-886905-C
Department 27

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| EDTIVIA BRINSTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ENTERPRISE LEASING COMPANY-WEST, LLC; DOES 1 through 50; inclusive,<br><br>Defendant(s). | Case No.:<br>Dept. No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**Arbitration Exemption Claimed: Class Action**<br><br>1) Failure to Pay Overtime in Violation of NRS §§ 608.018 and 608.140;<br><br>2) Failure to Timely Pay All Wages Due and Owing in Violation of NRS §§ 608.020-050 and 608.140; and,<br><br>3) Injunctive Relief.<br><br>**LIEN REQUESTED PURSUANT TO NRS § 608.050**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edtivia Brinston ("Plaintiff" or "Brinston") on behalf of herself and all others similarly situated and alleges the following:

All allegations in the Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and her counsel. Each allegation in the Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the state law claims alleged herein because the amount in controversy exceeds $15,000.00 and a party seeking to recover unpaid wages has a private right of action pursuant to the Nevada Constitution, Article 15 Section 16, and Nevada Revised Statute ("NRS") sections 608.050 and 608.140. *See Neville v. Eighth Judicial Dist. Court in & for County of Clark*, 406 P.3d 499, 502 (Nev. 2017); *HG Staffing, LLC, et al. v Second Judicial District Court*, Nevada Supreme Court Case No. 79118 (May 7, 2020).

2. Plaintiff also claims a private cause of action to foreclose a lien against the property owner for wages due pursuant to NRS § 608.050.

3. Plaintiff made a proper demand for wages due pursuant to NRS § 608.140 on February 6, 2024.

4. Venue is proper in this Court because the Defendants named herein maintain a principal place of business or otherwise are found in this judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

5. Plaintiff demands a jury trial on all issues triable by jury herein.

## PARTIES

6. Plaintiff was at all relevant times a resident of the State of Nevada and was employed by Defendant as a non-exempt hourly employee from March 2019 to December 2022.

7. Defendant Enterprise Leasing Company-West, LLC is a foreign limited-liability company listed with the Nevada Secretary of State.

8. Defendant Enterprise Leasing Company-West, LLC was doing business in this Judicial District in Clark County, Nevada where the subject incidences occurred.

9. At all times relevant, Defendant Enterprise Leasing Company-West, LLC was Plaintiff's employer.

10. The Defendant named herein is the employer of the Plaintiff and all Class Members alleged herein. The Defendant is an employer engaged in commerce under the

provisions of NRS § 608.011. The identity of DOES 1-50 is unknown at the time and the Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendant and each of them."

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendant as a non-exempt employee from March 2019 to December 2022.

12. 14. At all times relevant, Defendant did not offer or provide insurance that is less than 10% of the total gross income of Plaintiff and other similarly situated employees.

13. At all times relevant, for any benefits offered by Defendant, Defendant did not pay a value of the benefit greater than or equal to $1.00 per hour Plaintiff and other similarly situated employees worked.

14. Defendant maintains an unlawful policy of not paying all daily overtime to non-exempt hourly employees who earn 1 ½ times less than the applicable minimum wage.

15. Plaintiff has frequently worked over 8 hours in any 24-hour workday.

16. On many occasions, the number of hours she worked in a workday under Nevada law was over 8 hours in a 24-hour period of time.

17. For instance, during the workweek of September 18, 2022 through September 24, 2022, Defendant scheduled Plaintiff to work and Plaintiff did work over 8 hours in a 24-hour period of time. *See* a true and correct copy of Plaintiff's time records attached hereto as Exhibit I.

18. But despite having worked more than 8 hours in a 24-hour period of time, Defendant failed to compensate Plaintiff at 1 ½ times her regular rate of pay for the overtime hours she worked. *See* a true and correct copy of Plaintiff's paystub records

attached hereto as Exhibit II.

## CLASS ACTION ALLEGATIONS

19. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

20. Plaintiff brings this action on behalf of herself and all other similarly situated employees as a class action under Rule 23 of the Nevada Rules of Civil Procedure.

21. The **Nevada Overtime Class** is defined as "All hourly paid non-exempt persons employed by Defendants in the state of Nevada who earned less than 1 ½ times the applicable minimum wage and who worked over eight (8) hours in a workday at any time within 3 years from February 6, 2024 until judgment."

22. The **Waiting Time Wages Class** is defined as "All Nevada Overtime Class Members who are former employees of Defendants."

23. Class treatment is appropriate under Rule 23's class certification mechanism because:

   a. <u>The Classes are Sufficiently Numerous</u>: Upon information and belief, Defendants employ, and have employed, in excess of 40 Nevada Overtime Class Members within the applicable time period. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the members of the Classes as well as their numerosity.

   b. <u>Plaintiff's Claim is Typical to Those of Fellow Class Members</u>: Each Class Member is and was subject to the same practices, plans, or policies as Plaintiff: whether Defendant compensated Plaintiff and members of the Class daily overtime wages when they worked over 8 hours in a workday and whether members of the Waiting Time Wages Class are entitled to waiting time wages for the failure to pay them minimum, regular, and overtime wages owed.

   c. <u>Common Questions of Law and Fact Exist</u>: Common questions of law and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation: whether Defendant failed to pay Plaintiff and the Class Members one

and one-half times their regular rate for all hours worked in excess of 8 hours a workday and whether Defendant failed to pay the Waiting Time Wages Class Members all their wages due and owing in violation of NRS § 608.020-050.

        d.      <u>Plaintiff is Adequate Representative of the Class</u>: Plaintiff will fairly and adequately represent the interests of the Classes because Plaintiff is a member of the Classes, she has issues of law and fact in common with all members of the Classes, and her interests are not antagonistic to Class members. Plaintiff and her counsel are aware of their fiduciary responsibilities to Class Members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

        e.      <u>Predominance/Superior Mechanism</u>: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its employees in accordance with Nevada wage and hour law. The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendant and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties.

**FIRST CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of NRS §§ 608.018 and 608.140**
**(On Behalf of Plaintiff and the Nevada Overtime Class)**

24.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

25.    NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

26.    NRS § 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of

work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

27. NRS § 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

28. As described above, Defendant maintains a policy and/or practice of illegal shift jamming (i.e., refusing to pay daily overtime when Plaintiff and members of the Nevada Overtime Class worked over 8 hours in a workday). As a result, Plaintiff and Nevada Overtime Class Members have been denied overtime compensation according to Nevada law.

29. Wherefore, Plaintiff demands for herself and all Nevada Overtime Class Members that Defendant pay Plaintiff and Nevada Overtime Class Members one and one-half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday during the relevant time period together with attorneys' fees, costs, and interest as provided by law.

**SECOND CAUSE OF ACTION**
**Waiting Time Wages Pursuant to NRS §§ 608.020-.050 and 608.140**
**(On Behalf of Plaintiff and the Waiting Time Wages Class)**

30. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

31. NRS § 608.140 provides that an employee has a private right of action for unpaid wages.

32. NRS § 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

33. NRS § 608.030 provides that "[w]henever an employee resigns or quits his or her employment, the wages and compensation earned and unpaid at the time of the

employee's resignation or quitting must be paid no later than...[t]he day on which the employee would have regularly been paid the wages or compensation; or[s]even days after the employee resigns or quits...whichever is earlier."

34. NRS § 608.040(1) (a-b), in relevant part, imposes additional wages on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

35. NRS § 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

36. By failing to pay Waiting Time Wages Class Members their minimum, regular, and overtime wages in violation of state and federal law, Defendant has failed to timely remit all wages due and owing to the Waiting Time Wages Class Members.

37. Despite demand, Defendant willfully refused and continue to refuse to pay Waiting Time Wages Class Members all the wages that were due and owing upon the termination of their employment.

38. Wherefore, the Waiting Time Wages Class Members demand thirty (30) days of pay as waiting wages under NRS §§ 608.040 and 608.140, and thirty (30) days of pay as waiting wages under NRS §§ 608.050 and 608.140, together with attorneys' fees, costs, interest, and punitive damages, as provided by law.

### THIRD CAUSE OF ACTION
### Injunctive/Declaratory Relief
### (On Behalf of Plaintiff and the Nevada Overtime Class)

39. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

40. As Defendant has failed to compensate Plaintiff and members of the Overtime Class at the correct overtime wage rate for all the overtime hours that they worked pursuant to NRS § 608.018, Defendant has wrongfully withheld wages properly-owed to the Plaintiff and the Overtime Class Members.

41. Plaintiff and the Nevada Overtime Class will suffer irreparable injury if Defendant is not enjoined from the future wrongful retention of wages owed.

42. As a result of the aforementioned unlawful payment practices, Plaintiff submits that there has been a likelihood of success on the merits that Plaintiff and the Class Members have been damaged, that there is irreparable harm, and Plaintiff requests that this Honorable Court enter an Order that restrains Defendant from attempting to enforce the alleged unlawful payment practices.

43. Plaintiff requests that this Honorable Court enter a declaration of rights/obligations in regards to all such unlawful payment practices in this matter.

44. Further, disputes and controversies have arisen between the parties relative to the lawfulness of the payment practices, and Plaintiff is entitled to have an order entered pursuant to Chapter 30 of the Nevada Revised Statutes construing the payment practices and adjudging and declaring Plaintiff and the Class Members' rights and remedies thereunder including such an Order stating that such payment practices are unlawful.

45. Plaintiff has been required to retain the services of an attorney and is entitled to a reasonable award of attorneys' fees and costs.

## PRAYER FOR RELIEF

Wherefore Plaintiff, by herself and on behalf of all Class Members, prays for relief as follows relating to her class action allegations:

1. For an order certifying this action as a class action on behalf the proposed Classes and providing notice to all Class Members so they may participate in this lawsuit;

2. For an order appointing Plaintiff as the Representative of the Classes and her counsel as Class Counsel;

3. For damages according to proof for overtime compensation under NRS §§ 608.018 and 608.140 for all hours worked over 8 hours per day;

4. For waiting time wages pursuant to NRS §§ 608.040-.050 and 608.140;

5. For a lien on the property where Plaintiff and all Nevada Class Members labored pursuant to NRS § 608.050;

6. For interest as provided by law at the maximum legal rate;

7. For injunctive relief;

8. For declaratory relief;

9. For punitive damages;

10. For reasonable attorneys' fees authorized by statute;

11. For costs of suit incurred herein;

12. For pre-judgment and post-judgment interest, as provided by law; and,

13. For such other and further relief as the Court may deem just and proper.

DATED: February 12, 2024

Respectfully submitted,

GABROY | MESSER

By: /s/ Christian Gabroy
Christian Gabroy
Nev. Bar No. 8805
Kaine Messer
Nev. Bar No. 14240
The District at Green Valley Ranch
170 South Green Valley Parkway
Suite 280
Henderson, NV 89012
Tel:   (702) 259-7777
Fax:  (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com
*Attorneys for Plaintiff*

# EXHIBIT I

| | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05-28-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.97 | 8.00 | 8.06 | 8.53 | 8.00 | | | 40.56 | 40.00 | 0.56 | | |
| 06-04-2022 | | E701Y2 | 423687 | F | AUTO | AWP | 8.00 | | | | | | | 8.00 | | | | 8.00 |
| | | | | | E148JJ | | | 8.10 | 8.62 | 7.10 | 8.50 | | | 32.32 | 24.22 | 8.10 | | |
| | | | | | | | | | | | | | Employee Totals | 80.90 | 64.22 | 8.66 | | 8.00 |
| 06-11-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | 7.97 | | | | | | 7.97 | 7.97 | | | |
| | | | | | E77680 | | 8.02 | | 8.57 | 6.85 | 8.20 | | | 31.63 | 31.63 | | | |
| 06-18-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.82 | 8.48 | 7.67 | 7.92 | 7.97 | 8.67 | 6.87 | 55.38 | 39.85 | 8.67 | 6.87 | |
| | | | | | | | | | | | | | | 94.98 | 79.45 | 8.67 | 6.87 | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 06-25-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | 7.33 | 5.87 | 7.95 | 8.47 | 5.68 | | 35.30 | 35.30 | | | |
| 07-02-2022 | | E701Y2 | 423687 | F | AUTO | | 0.08 | | 7.93 | 7.65 | 6.10 | 13.88 | | 35.65 | 35.65 | | | |
| | | | | | | | | | | | | | | 70.95 | 70.95 | | | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 07-09-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | AWP | | | 8.00 | | | | | 8.00 | | | | 8.00 |
| | | | | | E77680 | | | | | 6.50 | 7.45 | 7.65 | 8.43 | 30.27 | 30.27 | | | |
| 07-16-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 8.07 | | 6.87 | 8.07 | 7.97 | | | 30.97 | 24.10 | | 6.87 | |
| | | | | | E77680 | | | 9.08 | | | | | | 9.08 | | 9.08 | | |
| | | | | | | | | | | | | | | 78.32 | 54.37 | 9.08 | 6.87 | 8.00 |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 07-23-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 6.78 | 8.00 | 7.33 | 8.43 | 9.60 | | | 38.15 | 38.15 | | | |
| 07-30-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | AWP | 8.00 | 8.00 | | | | | | 16.00 | | | | 16.00 |
| | | | | | | | | | 7.70 | | | | | 7.70 | 7.70 | | | |
| | | | | | E77680 | | | | | 8.05 | 9.25 | | | 17.30 | 17.30 | | | |
| | | | | | | | | | | | | | | 79.15 | 63.15 | | | 16.00 |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 08-06-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E77680 | AWP | | | | | 8.00 | | | 8.00 | | | | 8.00 |
| | | | | | | | 7.97 | 6.32 | 7.40 | 8.20 | | | | 29.88 | 29.88 | | | |
| 08-13-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.50 | 7.40 | 7.17 | 8.02 | 7.87 | | | 37.95 | 37.95 | | | |
| | | | | | | | | | | | | | | 75.83 | 67.83 | | | 8.00 |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 08-20-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.93 | 7.63 | 7.60 | 7.70 | 8.30 | 5.85 | | 45.22 | 39.37 | 5.85 | | |
| 08-27-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.60 | 7.87 | 8.15 | 7.88 | 7.95 | | 7.33 | 46.78 | 40.00 | 6.78 | | |
| | | | | | | | | | | | | | | 92.00 | 79.37 | 12.63 | | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 09-03-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | 8.05 | | 7.55 | 6.40 | 7.80 | | 29.80 | 29.80 | | | |
| 09-10-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | HOL | | 8.00 | | | | | | 8.00 | 8.00 | | | |
| | | | | | | | | 8.58 | 5.93 | 7.58 | 8.08 | | | 30.18 | 21.60 | 8.58 | | |
| | | | | | | | | | | | | | | 67.98 | 59.40 | 8.58 | | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 09-17-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | | | | 7.75 | | | 7.75 | 7.75 | | | |
| 09-24-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.93 | 8.12 | 8.72 | 9.47 | | | 9.12 | 43.40 | 40.00 | 3.40 | | |
| | | | | | | | | | | | | | | 51.15 | 47.75 | 3.40 | | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 10-01-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 6.60 | 7.95 | 8.83 | 7.87 | | | | 31.25 | 31.25 | | | |
| 10-08-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | 0.02 | 0.02 | 7.32 | 0.70 | | |
| | | | | | E148JJ | | | 8.57 | 7.87 | 8.10 | 8.15 | | | 32.68 | 32.68 | | | |
| | | | | | | | | | | | | | | 71.95 | 71.25 | 0.70 | | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 10-15-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E77680 | | 7.65 | 8.10 | 8.45 | 7.68 | 8.03 | | | 39.92 | 24.17 | 7.65 | 8.10 | |
| 10-22-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | 8.08 | 7.95 | 8.97 | 8.78 | | | 33.78 | 33.78 | | | |
| | | | | | | | | | | | | | | 73.70 | 57.95 | 7.65 | 8.10 | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 10-15-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E77680 | | 7.65 | 8.10 | 8.45 | 7.68 | 8.03 | | | 39.92 | 24.17 | 7.65 | 8.10 | |
| 10-22-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | 8.08 | 7.95 | 8.97 | 8.78 | | | 33.78 | 33.78 | | | |
| | | | | | | | | | | | | | | 73.70 | 57.95 | 7.65 | 8.10 | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 10-29-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | 8.93 | 6.70 | 9.02 | 9.10 | | | 35.75 | 35.75 | | | |
| 11-05-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.00 | | 8.17 | 8.08 | 7.25 | 7.85 | | 38.35 | 38.35 | | | |
| | | | | | | | | | | | | | | 74.10 | 74.10 | | | |
| Find and Replace | | | | | | | | | | | | | | | | | | |
| 11-12-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 8.03 | | | 8.12 | | | | 16.15 | 16.15 | | | |
| | | | | | E77680 | | | 8.23 | | | 7.60 | | | 15.83 | 7.60 | 8.23 | | |
| 11-19-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | 7.93 | 8.95 | 9.15 | 8.42 | 9.12 | 7.33 | 7.83 | 58.73 | 40.00 | 10.90 | 7.83 | |
| | | | | | | | | | | | | | | 90.72 | 63.75 | 19.13 | 7.83 | |
| 11-26-2022 | BRISTON, EDTIVIA C | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | HOL | | | | | 8.00 | | | 8.00 | 8.00 | | | |
| | | | | | | | | 8.02 | 8.10 | 8.05 | 9.05 | | | 33.22 | 24.17 | 9.05 | | |
| 12-03-2022 | | E701Y2 | 423687 | F | AUTO | | | | | | | | | | | | | |
| | | | | | E148JJ | | | 8.07 | 8.30 | 8.08 | 6.48 | | | 30.93 | 30.93 | | | |
| | | | | | | | | | | | | | | 72.15 | 63.10 | 9.05 | | |
| Find and Replace | | | | | | | | | | | | | | | | | | |

# EXHIBIT II



**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
02/16/2024
CT Log Number 545782682

# Service of Process Transmittal Summary

| | |
|---|---|
| **TO:** | PAUL SCHULTE, Lit Mgr - Corp Risk Mgmt<br>ENTERPRISE HOLDINGS, INC.<br>600 CORPORATE PARK DR<br>SAINT LOUIS, MO 63105-4211 |
| **RE:** | **Process Served in Nevada** |
| **FOR:** | Enterprise Leasing Company - West, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: EDTIVIA BRINSTON, on behalf of herself and all others similarly situated // To: Enterprise Leasing Company - West, LLC |
| **CASE #:** | A24886905C |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Carson City, NV |
| **DATE/METHOD OF SERVICE:** | By Process Server on 02/16/2024 at 12:17 |
| **JURISDICTION SERVED:** | Nevada |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/16/2024, Expected Purge Date: 02/21/2024<br><br>Image SOP<br><br>Email Notification,  ENTERPRISE HOLDINGS RISK MANAGEMENT LEGAL  riskmgmtlegal@ehi.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>701 S. Carson Street<br>Suite 200<br>Carson City, NV 89701<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Feb 16, 2024
**Server Name:** Daniel Lamotte

| Entity Served | ENTERPRISE LEASING COMPANY-WEST, LLC |
|---|---|
| Case Number | A-24-886905-C |
| Jurisdiction | NV |

| Inserts | | |
|---|---|---|
| | | |



Electronically Issued
2/12/2024 8:13 AM

SUMM

# District Court

## CLARK COUNTY, NEVADA

EDTIVIA BRINSTON, on behalf of herself and all others similarly situated;

      Plaintiff,

vs.

ENTERPRISE LEASING COMPANY-WEST, LLC; DOES 1 through 50; inclusive,

      Defendant.

Case No.: A-24-886905-C
Dept. No.: 27

**SUMMONS**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A Civil Complaint has been filed by the plaintiff against you for the relief set forth in the Complaint.

### ENTERPRISE LEASING COMPANY-WEST, LLC

    1.    If you intend to defend this lawsuit, within 21 days after this Summons is served on you exclusive of the day of service, you must do the following:
        a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.
        b.    Serve a copy of your response upon the attorney whose name and address is shown below.

    2.    Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

    3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the request of:

_/s/ Christian Gabroy_

Christian Gabroy, Esq.
Nev. Bar No. 8805
Kaine Messer, Esq.
Nev. Bar No. 14240
GABROY | MESSER
170 South Green Valley Parkway
Suite 280
Henderson, Nevada 89012
Attorney for Plaintiff

STEVEN D. GRIERSON, CLERK OF COURT

By:      2/14/2024
    Deputy Clerk            Date
    County Courthouse
    200 South Third Street
    Las Vegas, Nevada 89101
    Marie Kramer

*NOTE:    When service is by publication, add a brief statement of the object of the action.
           See Rules of Civil Procedure, Rule 4(b).

STATE OF _____ )
                                ) ss:       AFFIDAVIT OF SERVICE
COUNTY OF _____ )

_____, being duly sworn says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, not a party to or interested in the proceeding in which this affidavit is made. That affiant received _____ copy(ies) of the Summons and Complaint, _____ on the day of _____, 2024 and served the same on the _____ day of _____, 2024 by:

**(affiant must complete the appropriate paragraph)**

1. delivering and leaving a copy with the defendant at (state address)_____.
2. serving the defendant _____ by personally delivering and leaving a copy with _____, a person of suitable age and discretion residing at the defendant's usual place of abode located at (state address) _____.

(Use paragraph 3 for service upon agent, completing A or B)

3. serving the defendant _____ by personally delivering and leaving a copy at (state address) _____.
    a. with _____ as _____, an agent lawfully designated by statute to accept service of process;

    b. with _____, pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the resident agent as shown on the current certificate of designation filed with the Secretary of State.

4. personally depositing a copy in a mail box of the United States Post Office, enclosed in a sealed envelope postage prepaid (check appropriate method):

    _____ Ordinary mail
    _____ Certified mail, return receipt requested
    _____ Registered mail, return receipt requested

    addressed to the defendant _____ at the defendant's last known address which is (state address) _____.

    Executed this _____ day of _____, 20_____.

                                        _____
                                        Signature of person making service

SUBSCRIBED AND SWORN to before me this

_____ day of _____, 20__.

NOTARY PUBLIC in and for said County
and State

My commission expires: